## SECOND DEPARTMENT, FEBRUARY TERM, 1895.

Prospect Park and Coney Island Railroad Company, Respondent, v. The Atlantic Avenue Railroad Company and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements.—

DYKMAN, J.: This is an appeal from an order restraining the defendants in this action from carrying passengers between the Union Depot in Brooklyn and Coney Island upon the Brooklyn, Bath and West End railroad for less than fifteen cents for a single trip or twenty-five cents for a round trip for an adult, or for less than half those rates for children between the ages of five and twelve years. The action is based upon a contract between the plaintiff and the Brooklyn, Bath and West End Railroad Company which secures the right to the plaintiff which is sought in this action, and the violation of which is restrained by the order of the Special Term from which this appeal is taken. This action is denominated suit No. 2 between these same parties. Suit No. 1 has been tried and decided in favor of the plaintiff. It was an action for the specific performance of the same contract, and the judgment in that case is an adjudication of the validity of the contract and decisive of this appeal. We have affirmed the judgment in that case upon the opinion of Judge Cullen, and it follows that this order should be affirmed, with ten dollars costs and disbursements. Brown, P. J., and Pratt, J., concurred.

Charles T. Dunwell, Appellant, v. The Berkshire Life Insurance Company, Respondent.— Judgment and order affirmed, with costs. No opinion.

Elizabeth Birch and Others, Appellants, v. Rosalie M. Loyd, Respondent.—Judgment and order denying motion for a new trial on the minutes affirmed, with costs, and order denying motion for a new trial on newly-discovered evidence affirmed, with ten dollars costs and disbursements.—

DYKMAN, J.: There are three appeals in this case, one from the judgment entered upon the verdict in favor of the defendant after a trial at the Circuit, one from the order denying a motion for a new trial upon the minutes of the court, and one from an order denying a motion for a new trial on the ground of newly-discovered evidence, and the appeals are all entirely destitute of merit. Justice has been done, and the judgment and order denying the motion for a new trial on the minutes should be affirmed, with costs, and the order denying the motion for a new trial upon newly-discovered evidence should be affirmed, with ten dollars costs and disbursements, without an opinion. Brown, P. J., and Pratt, J., concurred.

James J. Dawson, Appellant, v. Henry Harrison, Respondent.— Judgment modified so as to allow interest on the loan of $3,000, and upon the usurious payments at six per cent, with half yearly rests, and, as modified, affirmed, with costs.—

DYKMAN, J.: This is an action to procure the dissolution of a co-partnership. The cause was tried before a referee to hear and determine, and the plaintiff has appealed from the judgment entered upon his report. The determination of the case depended upon peculiar facts, and we think substantial justice has been wrought out in this exception. The judgment should be modified so as to allow interest on the loan of $3,000, and upon the usurious payments at six per cent, with half yearly rests, and, as so modified, affirmed, without costs. Brown, P. J., and Pratt, J., concurred.

Thomas McCann, Respondent, v. Jacob May, Appellant, Impleaded, etc.— Judgment affirmed, with costs, with leave to defendant to answer in twenty days on payment of costs. All concur. No opinion.

The Atlantic Avenue Railroad Company of Brooklyn, Appellant, v. The Long Island Railroad Company and Others, Respondents.— Judgment affirmed, with costs —

PER CURIAM: The opinion of the judge who tried this cause discloses sufficient grounds to justify the judgment which was rendered. Affirmed. Present — Brown, P. J., and Dykman, J.

John Muldoon, Respondent, v. Charles A. Canavello, Appellant.— Judgment affirmed, with costs.—

DYKMAN, J.: This action was brought to foreclose a mechanic's lien. There has been a trial before a justice of this court without a jury, and the plaintiff has obtained a judgment from which the defendant has appealed. The lien was for labor performed in the excavation of a cellar. The services and their value were undisputed, and the question upon which the decision of the case depended was whether the work was done for the defendant or not. The testimony made it plain that the arrangement made by the defendant with the plaintiff was an original undertaking, and rendered him liable for the work done. The findings of the trial judge are well supported, and the judgment should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

The People of the State of New York v. Daniel Kerrigan.— Judgment reversed, and new trial granted.—

BROWN, P. J.: The appellant was convicted of the crime of manslaughter in the second degree, in having killed one William Horton. After a careful examination of the case, we are of the opinion that the evidence does not establish the appellant's guilt, and is of too weak a character to support the verdict. It appears that about four o'clock on the morning of November 7, 1893, the appellant and deceased were in Gaffney's saloon on Flushing street in Long Island City in company with William Gemp, Patrick McDermott, Daniel Stine and William Gaffney. Horton was drunk and Kerrigan had been drinking. They quarreled, but no blows were struck, and at the direction of the bartender, Gaffney, they went out of the saloon. McDermott was told to go outside and separate them. He testified that he went out and found them struggling together; that their arms were around each other as if they were wrestling, but he saw no blows struck, and separated them, and all then returned to the saloon. When inside, Horton was found to have a cut about an inch and a half long over his right eye, and he said, referring to Kerrigan, that "he must have used a knife on me." The blood was washed from his face, and on his complaining that he was cut in another part of his body, he was examined, but no wound was found. There was no proof that Kerrigan had a knife about him at any time during the night. Soon after all parties left, except Horton and Gaffney, and later Horton left the saloon alone. He was then drunk, but able to walk. No one saw him alive after that, and no account is given in the testimony